# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Civil No. 06 C 5378 |
| ) | |
| v. ) | Hon. Robert W. Gettleman |
| ) | |
| 1522838 ONTARIO INC., a corporation, d/b/a ) | Magistrate Judge Nan R. Nolan |
| International Industrial Trade Directory, ) | |
| ) | |
| GERHARD MINTZ, a/k/a Gerry Mintz, ) | |
| individually and as an owner and director of ) | |
| the corporate defendant, ) | |
| ) | |
| MICHAEL ROBERT PETREIKIS, a/k/a ) | |
| William George Fisk, a/k/a Michael Kelly, ) | |
| individually, and ) | |
| ) | |
| EMMA G. WANJIKU, individually, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## [PROPOSED] PERMANENT INJUNCTION AND FINAL JUDGMENT
## AS TO DEFENDANT MICHAEL PETREIKIS

Plaintiff, Federal Trade Commission ("FTC" or "Commission"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), filed a Complaint for Permanent Injunction and Other Equitable Relief, including consumer redress, charging that Defendants engaged in deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). On March 3, 2009, the Court granted the FTC's motion for summary judgment as to Defendant Michael Petreikis, and directed the FTC to present this Order.

The FTC therefore now seeks entry of a final judgment on all counts against Defendant Michael Robert Petreikis, a/k/a William George Fisk, a/k/a Michael Kelly. For the reasons

stated in the Court's Order of March 3, 2009, the FTC's motion for final judgment is hereby granted, and it is therefore **ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over the parties;

2. Venue, process, and service of process are proper;

3. The activities of Defendant Petreikis are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The FTC's Complaint states a claim upon which relief may be granted against Defendant Petreikis under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) & 53(b).

5. There is no genuine issue as to any material fact concerning the liability of Defendant Petreikis for false and deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), or the amount of consumer losses caused by Defendant's deceptive acts and practices.

6. Defendant Petreikis, directly or through telemarketers, misrepresented to consumers, expressly or by implication, that consumers have agreed to purchase the directory advertisements, listings, office supplies, or consulting services shown on Defendants' invoices.

7. Defendant Petreikis, directly or through telemarketers, misrepresented to consumers, expressly or by implication, that consumers owed money to Defendants for the directory advertisements, listings, office supplies, or consulting services shown on Defendants' invoices.

8. Defendant Petreikis violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

9. Defendant Petreikis is likely to continue to engage in the activities alleged in the

Complaint unless he is permanently enjoined from such acts and practices.

10. The FTC is entitled to judgment as a matter of law against Defendant Petreikis, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

11. The FTC is entitled to judgment against Defendant Petreikis in the amount of $2,000,000.00.

12. Entry of this Order is in the public interest.

## DEFINITIONS

1. "Plaintiff" means the Federal Trade Commission.

2. "Defendant" or "Defendants" means 1522838 Ontario Inc., d/b/a International Industrial Trade Directory, Gerhard Mintz, a/k/a Gerry Mintz, Michael Robert Petreikis, a/k/a William George Fisk, a/k/a Michael Kelly, and Emma G. Wanjiku, and each of them, by whatever names each may be known, and their successors and assigns.

3. "Petreikis" means Defendant Michael Robert Petreikis, a/k/a William George Fisk, a/k/a Michael Kelly, or by whatever other name he may be known, and his successors and assigns.

4. "Material" means likely to affect a person's choice of, or conduct regarding, goods or services.

5. "Person" or "persons" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

6. "Customer" means any person who has paid, or may be required to pay, for goods or services offered for sale or sold by any Defendant.

7. "Consumer" means any individual, group, unincorporated association, limited or

general partnership, corporation, or other business entity.

8. "Document" or "record" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a) and means:

A. The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, e-mail or other correspondence, messages, memoranda, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, or files; and

B. Any information stored on any desktop personal computer ("PC") and workstations, laptops, notebooks, and other portable computers, whether assigned to individuals or in pools of computers available for shared use; and home computers used for work-related purposes; backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another company facility or stored offsite by a third-party, such as in a disaster recovery center; and computers and related offline storage used by Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company premises.

9. "Assisting others" means providing any of the following goods or services to any person or entity, including, but not limited to: (a) preparing, printing, or transmitting invoices; (b) providing for or arranging for the provision of mail or telephone lists that contain, incorporate, or utilize consumers' account numbers; (c) preparing or providing, or causing to be prepared or provided, telephone sales scripts or other materials for use in connection with the

promotion of products or services to consumers; (d) providing, mailing, or shipping, or arranging for the provision, mailing, or shipping, of fulfillment products or services; (e) providing or arranging for the provision of telemarketing services; (f) providing or facilitating the means of obtaining payment from consumers, by opening or maintaining financial accounts or by providing or facilitating access to the credit card or bank account payment and collection system; (g) performing or providing marketing services of any kind; (h) developing, providing, or arranging for the provision of names of potential customers; (i) providing or arranging for the provision of post office boxes or the services of commercial receiving agencies; (j) recording or verifying sales solicitations; or (k) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints, obtaining or receiving identifying and financial information from consumers, and communicating with consumers on behalf of the seller or telemarketer.

## ORDER

### I. BAN ON CERTAIN ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendant Petreikis, whether directly or indirectly, or through any corporation, business entity, or person under his control, is hereby permanently restrained and enjoined from engaging, participating, or assisting others in the advertising, promoting, telemarketing, offering for sale, sale, or distribution of business or travel directories and/or listings in business or travel directories. Nothing in this Order shall be read as an exception to this Section.

### II. OTHER PROHIBITED ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendant Petreikis, and his officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation

with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, promotion, offering for sale, sale, or provision of any good or service, including, but not limited to, business and travel directory listings, business and travel directory advertising, office supplies, and consulting services, are hereby restrained and enjoined from:

  A. Making any express or implied representation or omission of material fact that is false or misleading, in any manner, including but not limited to, any false or misleading statement:

    1. That consumers have a preexisting business relationship with any Defendant or other person;

    2. That consumers have agreed to purchase: (a) business directory advertisements or listings; (b) travel directory advertisements or listings; (c) office supplies; or (d) consulting services;

    3. That consumers owe money to any Defendant or other person for: (a) business directory advertisements or listings; (b) travel directory advertisements or listings; (c) office supplies; or (d) consulting services;

    4. That consumers purchased: (a) business directory advertisements or listings; (b) travel directory advertisements or listings; (c) office supplies; or (d) consulting services;

    5. Concerning the nature of any Defendant's relationship with consumers, and the purpose of said Defendant's communication with consumers;

    6. Concerning any fact material to a consumer's decision to purchase any

good or service; and

      B.     Assisting others who violate any provision of Subsection A of this Section.

### III.    MONETARY JUDGMENT AND REDRESS

**IT IS FURTHER ORDERED THAT**:

      A.     Defendant Petreikis shall pay consumer redress in the amount of two million dollars ($2,000,000.00) ($US), pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b). This redress amount shall become immediately due and payable upon entry of this Order, and interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance.

      B.     Within five (5) days of receipt of notice of entry of this Order, Petreikis shall transfer the entire sum to the FTC by wire transfer or certified check in accordance with instructions to be provided by counsel for the FTC;

      C.     All funds paid pursuant to this Order shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief. Petreikis shall cooperate fully to assist the FTC in identifying consumers who may be entitled to redress pursuant to this Order. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the FTC may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Petreikis shall have no right to challenge the FTC's choice of remedies under this Part. Petreikis shall have no right to contest the manner of distribution chosen by the FTC. No portion of any

payments under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment;

D. In accordance with 31 U.S.C. § 7701, as amended, Petreikis is hereby required, unless he already has done so, to furnish to the FTC his taxpayer identifying numbers (social security numbers or employer identification numbers), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Petreikis's relationship with the government. Petreikis is further required, unless he already has done so, to provide the FTC with clear, legible and full-size photocopies of all valid driver's licenses that he possesses, which will be used for reporting and compliance purposes; and

E. Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## IV. SUSPENSION OF COLLECTION ON ACCOUNTS

**IT IS FURTHER ORDERED** that Defendant Petreikis, and his officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment on any invoice sent by Defendants prior to the entry of this Order, including Defendants' invoices for: (1) business directory advertisements or listings; (2) travel directory advertisements or listings; (3) office supplies; or (4) consulting services.

## V. PROHIBITIONS REGARDING CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant Petreikis, and his officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from using, selling, renting, leasing, transferring, benefitting from or otherwise disclosing the name, address, telephone number, Social Security number, credit card number, bank account number, e-mail address, or other identifying information of any person about whom any Defendant obtained such information in connection with the activities alleged in the Complaint; *provided, however,* that Defendant Petreikis may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order, and shall disclose such identifying information to the Commission at its request pursuant to this Order.

## VI. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A. Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant Petreikis shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in his possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to use all other lawful means, including but not limited to:

        1.        obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

        2.        posing as consumers and suppliers to Defendant Petreikis, his employees, or any other entity managed or controlled in whole or in part by him, without the necessity of identification or prior notice; and

        C.        Defendant Petreikis shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided however*, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

        A.        For a period of ten (10) years from the date of entry of this Order,

        1.        Defendant Petreikis shall notify the Commission of the following:

        a.        Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

        b.        Any changes in his employment status (including self-employment), and any change in the ownership of Defendant Petreikis in any business entity,

within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Defendant Petreikis is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant Petreikis's duties and responsibilities in connection with the business or employment; and

   c. Any changes in Defendant Petreikis's name or use of any aliases or fictitious names; and

  2. Defendant Petreikis shall notify the Commission of any changes in corporate structure of any business entity that Defendant Petreikis directly or indirectly control(s), or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the business entity about which Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

 B. One hundred eighty (180) days after the date of entry of this Order, and annually thereafter for a period of ten (10) years, Defendant Petreikis shall provide a written report to the Commission, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to:

  1. The then-current residence address, mailing addresses, and telephone

numbers of Defendant Petreikis;

        2.       The then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that Defendant Petreikis is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant Petreikis's duties and responsibilities in connection with the business or employment; and

        3.       Any other changes required to be reported under Subsection A of this Section.

        4.       A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order";

    C.       Defendant Petreikis shall notify the Commission of the filing of a bankruptcy petition by him within fifteen (15) days of filing.

    D.       For the purposes of this Order, Defendant Petreikis shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue N.W., Room NJ-2122
> Washington, D.C. 20580
> Re: *FTC v. 1522838 Ontario Inc., et al.,* No. 06 C 5378 (N.D. Ill.)

*Provided* that, in lieu of overnight courier, Defendant Petreikis may send such reports or notifications by first-class mail, but only if Defendant Petreikis contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

    E.       For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendant Petreikis.

# VIII. RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of thirteen (13) years from the date of entry of this Order, in connection with any business in which (1) Defendant Petreikis is the majority owner of the business or directly or indirectly manages or controls the business; and (2) the business involves the promotion, offering for sale, or sale of any product or service to U.S. consumers, Defendant Petreikis, and his agents, employees, officers, corporations, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

    A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

    B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

    C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

    D.    Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

    E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

    F.    All records and documents necessary to demonstrate full compliance with each

provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order," and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## IX. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of ten (10) years from the date of entry of this Order, Defendant Petreikis shall deliver a copy of this Order as directed below.

A. Defendant Petreikis as control person: For any business that Defendant Petreikis controls, directly or indirectly, or in which he has a majority ownership interest, he must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant Petreikis. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B. Defendant Petreikis as employee or non-control person: For any business where Defendant Petreikis is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, he must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C. Defendant Petreikis must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the

Order pursuant to this Section.

## X. ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that Defendant Petreikis, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement, in the form shown at **Appendix A**, acknowledging receipt of this Order.

## XI. FEES AND COSTS

**IT IS FURTHER ORDERED THAT** each party to this Order shall bear its own costs and attorneys' fees incurred in connection with this action.

## XII. SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

## XIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Order, and a final judgment in favor of the FTC and against Defendant Michael Petreikis in the amount of two million dollars ($2,000,000.00) ($US).

**IT IS SO ORDERED**, this ____ day of _____, 2009.

_____
Hon. Robert W. Gettleman
United States District Judge

**APPENDIX A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| Plaintiff, | ) | Civil No. 06 C 5378 |
| v. | ) | Hon. Robert W. Gettleman |
| 1522838 ONTARIO INC., a corporation, d/b/a International Industrial Trade Directory, *et al.*, | ) | Magistrate Judge Nan R. Nolan |
| Defendants. | ) | |

Michael Robert Petreikis, being duly sworn, hereby states and affirms as follows:

1. My name is Michael Robert Petreikis. My current residence address is _____ _____. I am a citizen of _____ and am over the age of eighteen. I have personal knowledge of the facts set forth in this Affidavit.

2. I am a defendant in *FTC v. 1522838 Ontario Inc., et al.* (United States District Court for the Northern District of Illinois).

3. On _____ [date], I received a copy of the Permanent Injunction and Final Judgment as to Defendant Michael Petreikis, which was signed by the Honorable Robert W. Gettleman, and entered by the Court on _____ [date of entry of Order]. A true and correct copy of the Order I received is appended to this Affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on _____ [date], at _____ _____ [city and state/province]

_____
[Signature with full name]

_____
Michael Robert Petreikis

Province of _____, City of _____

    Subscribed and sworn to before me
    this ____ day of _____, 20 __.

_____
Notary Public
My Commission Expires:

_____